■ The People of the State of New York, Respondent, v Curtis J. Johnson, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminally negligent homicide, reckless driving, operating a vehicle while his ability was impaired by alcohol, two counts of assault in the third degree, and various traffic infractions. The indictment charged that defendant drove his vehicle at an excessive speed, ran a red light and struck a vehicle, killing an occupant and injuring others.

Defendant claims that he was deprived of a fair trial because he was not apprised in the indictment or bill of particu-

lars that alcohol impairment would be considered as conduct supporting the charges of manslaughter in the second degree, criminally negligent homicide or reckless driving. Since the prosecutor did not mention alcohol impairment to the jury and the court did not refer to alcohol impairment as conduct supporting criminal negligence or reckless driving, and since defendant was acquitted of manslaughter, there is no basis for his contentions.

The court's charge on criminally negligent homicide failed to discuss the difference between ordinary and criminal negligence (see, 2 CJI[NY] PL 125.10, at 187, 298-299). While an elaboration of this distinction would have been helpful to the jury, we are not persuaded that the failure to so charge constituted reversible error. In any event, any error was harmless as proof of guilt was overwhelming (People v Crimmins, 36 NY2d 230, 242).

We have reviewed defendant's other contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—criminally negligent homicide, and other offenses.) Present—Dillon, P. J., Callahan, Green, Balio and Davis, JJ.